AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| RICKEY L. JONES | ) | 3:19 MJ096 (DJN) |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

**FILED**

JUL 1 7 2019

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 2019, _____ in the county of _____ Hampton City _____ in the _____ Eastern _____ District of _____ Virginia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Section 846. | Conspiracy to distribute cocaine hydrochloride |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Cory R. Arrington, DEA
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 17, 2019

/S/
David J. Novak
United States Magistrate Judge
_____
*Judge's signature*

City and state: _____ Richmond, Virginia _____

Honorable David J. Novak, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1.    I, Cory R. Arrington, a Task Force Officer with the Drug Enforcement Administration (DEA), Department of Justice, Eastern District of Virginia, being duly sworn, states as follows:

### Introduction

2.    I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7).  I am therefore, an officer of the United States who is empowered to conduct investigation of, and to make arrest for, the offenses enumerated in Title 21.  I have been employed with the Chesterfield County Police Department since February 2011. I have been assigned to the DEA as a Task Force Officer since February 2019. I have conducted investigations into the unlawful possession, possession with the intent to distribute, distribution of controlled substances, and the associated conspiracies in violation of Title 21, United States Code, Sections 841 (a)(1) and 846, and Title 18, United States Code, Section 1956.

3.    I present this affidavit in support of a criminal complaint for Rickey Jones, charging that in or about March 2019, Jones did knowingly conspire to possess with intent to distribute cocaine hydrochloride, in violation of Title 21, United States Code § 846.  All information contained in this affidavit is either based on your affiant's personal knowledge and observations, or the knowledge and observations of cooperating sources and other law enforcement officers.  This affidavit is not intended to include every fact and matter known to your affiant or the United States.  I have set forth only those facts necessary to support probable cause for this action.

4.   The facts set forth in this Affidavit are based on my personal participation in this investigation and from information provided by Special Agents, Task Force Agents, and Police Officers (collectively referred to as the "Agents") from various federal, state, and local law enforcement agencies, and on my experience, training, and background as a DEA Task Force Officer. This affidavit is prepared solely for establishing probable cause to support this criminal complaint.  I have not included every fact known to me concerning this investigation and have set forth only the facts necessary to support the issuance of an arrest warrant.

### Probable Cause

5.   In June of 2016, DEA agents met with a confidential source (hereinafter referred to as CS-1) who provided information on a known narcotics trafficker Shareef ATKINS. CS-1 informed law enforcement that ATKINS traffics multiple kilograms of cocaine and heroin from Washington D.C. to Richmond, Virginia. DEA conducted surveillance on ATKINS verifying his frequent travels from Washington D.C. to Richmond, Virginia.

6.   In September 2018, agents received information from a second source of information that ATKINS was continuing to traffic multiple kilograms of cocaine and heroin from Washington D.C. to Richmond, Virginia. In the following months, agents conducted extensive physical and electronic surveillance on ATKINS and succeeded in identifying members of his drug organization and his methods of operation. Agents observed that ATKINS, and his father Norman JEFFERSON, were using multiple vehicles to travel from suspected stash locations in Washington D.C to Richmond, Virginia while transporting bags suspected of containing narcotics and narcotics proceeds.

7. Beginning in October 2018, agents observed that both ATKINS and JEFFERSON were traveling to Hampton, Virginia. Physical and electronic surveillance revealed that ATKINS and JEFFERSON were meeting with known drug trafficker Rickey JONES in Hampton. Agents observed that JONES frequently met JEFFERSON at an apartment rented by JONES located at 10 Twin Lakes Circle in Hampton. Agents observed JEFFERSON leaving this location carrying a bag of suspected drug proceeds after meeting with JONES. Agents found the utilization of this apartment to be consistent with a "stash location" or secondary storage location. Surveillance confirmed that JONES primarily lived at 524 Holloman Drive in Hampton. Agents also subpoenaed and analyzed phone records to find that JEFFERSON and JONES were calling each other during the date and time of these transactions.

8. On March 12, 2019, agents observed ATKINS and JEFFERSON leaving a suspected stash location in Washington D.C. and traveling south towards the Richmond area. Agents conducted a traffic stop in Henrico County, and in the vehicle JEFFERSON was driving, they recovered approximately four kilograms of cocaine hydrochloride. Later in the same night, agents conducted a traffic stop in Henrico County on the vehicle ATKINS was driving and recovered approximately three kilograms of cocaine hydrochloride. All seven kilograms seized from these traffic stops tested positive at the DEA Mid Atlantic Lab for cocaine hydrochloride for a total weight of approximately 7000 grams.

9. Agents executed search warrants at two stash locations in Washington D.C. utilized by ATKINS and JEFFERSON and recovered approximately nine additional kilograms of cocaine and approximately five kilograms of heroin, along with firearms and large sums of U.S. currency. The cocaine recovered during the traffic stops from ATKINS and JEFFERSON was found to have the same packaging material as the cocaine recovered at the stash locations, both labeled with logo "AMG." The cell phone seized from JEFFERSON the night of his arrest received numerous incoming phone calls from JONES' cell phone number.

10. On March 19, 2019, agents executed state search warrants at JONES' primary residence located at 524 Holloman Drive, as well as his suspected stash apartment located at 10 Twin Lakes Circle Apartment 2B, both located in Hampton, Virginia.

11. JONES was taken into custody during the execution of the search warrant at his primary residence at 524 Holloman Drive. Agents seized bags of suspected cocaine and heroin, three .45 caliber handguns, and large sums of U.S. currency at his location. JONES was read *Miranda* warnings, which he stated he understood. JONES confessed to living at this residence and that there were multiple firearms inside this residence. The cocaine and heroin seized from this location are currently being tested at the DEA Mid Atlantic Lab.

12. At the suspected stash location, 10 Twin Lakes Circle apartment, agents recovered approximately one kilogram of suspected cocaine hydrochloride, one kilogram of suspected heroin, two Springfield XD40 handguns, scales, packaging material, large

sums of U.S. currency, and an hydraulic press used to recompress cocaine and heroin. Documents belonging to JONES were recovered in this residence. JONES was the only person on the lease for this apartment, and JONES had a key to this apartment on his person during his arrest. The cocaine and heroin seized from this residence is currently being tested at the DEA Mid Atlantic Lab; however, through training and experience, 912 Green I know the substances seized from both locations to be consistent with cocaine hydrochloride and heroin based on color, texture, and odor.

### Conclusion

11. Based upon the above facts and my training and experience, there exists probable cause to believe that in or about March 2019, Rickey Jones did knowingly conspire with others to possess with intent to distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

12. I respectfully request that an arrest warrant be issued, authorizing any agent of the Drug Enforcement Administration, with proper assistance, to execute the arrest of Rickey Jones for violation of Title 21, United States Code § 846. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Cory R. Arrington, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
this _17th_ day of July 2019
in the City of Richmond, VA.

/S/
David J. Novak
United States Magistrate